UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON LAMONT STRIBLING,

    Plaintiff,

  v.

COUNSELOR VALDEZ, et al.,

    Defendants.

Case No. 15-cv-03199-YGR (PR)

**ORDER OF SERVICE**

Plaintiff, a state prisoner currently incarcerated at California State Prison - Sacramento has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 stemming from a denial of due process in connection with prison disciplinary proceedings that took place in 2013 at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated.

Plaintiff has filed a motion for leave to proceed *in forma pauperis*, which will be granted in a separate written Order.

Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff has named the following Defendants: SVSP Counselors Valdez and Ramos; SVSP Lieutenant Salazar; and SVSP Warden Grounds. Plaintiff seeks monetary damages.

## DISCUSSION

**I.   STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. LEGAL CLAIM

In his complaint, Plaintiff alleges that he was denied due process in connection with prison disciplinary proceedings while he was housed at SVSP. Specifically, on April 28, 2013, Plaintiff was removed from general population and rehoused in administrative segregation ("ad-seg") "due to allegations of [him] battering [sic] Inmate Clark AG-4662." Dkt. 1 at 3. Plaintiff claims that he was not provided with an "incident report [CDC-115 rule violation report] [with]in the normal time limits" because he received the report "54 days after the incident." *Id.* Plaintiff claims that Defendant Grounds was made aware of this delay. *Id.* Plaintiff also claims that he should have had a disciplinary hearing within thirty days of receiving the incident report, but "it took a staggering 34 odd days and [Plaintiff] demanding to get the incident report heard (22 forms to [Defendant] Valdez) for it to finally get heard by [Defendant] Salazar." *Id.* Defendant Salazar "found [Plaintiff] guilty of battery on an inmate with serious bodily injuries." *Id.* Defendant Ramos "issued [Plaintiff] a 24 month SHU term." *Id.*

An inmate in California is entitled to due process before being disciplined when the discipline imposed will inevitably affect the duration of his sentence or causes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 484, 487 (1995). The process due in such a prison disciplinary proceeding includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. *Wolff v. McDonnell*, 418 U.S. at 564-67. Due process also requires that there be "some evidence" to support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445 at 454. The Due Process Clause only requires that prisoners be afforded those procedures mandated by *Wolff* and its progeny; it does not require that a prison comply with its own, more generous procedures. *See Walker v. Sumner*, 14 F.3d 1415,

1419-20 (9th Cir. 1994).

Plaintiff alleges that Defendants failed to provide him with timely written notice as well as a timely disciplinary hearing.  Liberally construed, the allegations of the complaint state a section 1983 claim against Defendants Valdez, Salazar, Ramos and Grounds for violating Plaintiff's right to due process.  Accordingly, this claim may proceed against these Defendants.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff states a cognizable due process claim against the named Defendants.

2.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1) and a copy of this Order to the following Defendants: **SVSP Counselors Valdez and Ramos; SVSP Lieutenant Salazar; and SVSP Warden Grounds.**  The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on

1 which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,

2 whichever is later.

3     4. Defendants shall answer the complaint in accordance with the Federal Rules of

4 Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

5     a. No later than **sixty (60) days** from the date their answer is due, Defendants

6 shall file a motion for summary judgment or other dispositive motion. The motion must be

7 supported by adequate factual documentation, must conform in all respects to Federal Rule of

8 Civil Procedure 56, and must include as exhibits all records and incident reports stemming from

9 the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice

10 so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to

11 oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out

12 in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss

13 for failure to exhaust available administrative remedies must be accompanied by a similar notice.

14 However, the Court notes that under the new law of the circuit, in the rare event that a failure to

15 exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule

16 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.

17 *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108,

18 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under

19 the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an

20 unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the

21 complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary

22 judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to

23 Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56.

24 *Id.* But if material facts are disputed, summary judgment should be denied and the district judge

25 rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

26     If Defendants are of the opinion that this case cannot be resolved by summary judgment,

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

1 Defendants shall so inform the Court prior to the date the summary judgment motion is due.  All
2 papers filed with the Court shall be promptly served on Plaintiff.
3     b. Plaintiff's opposition to the dispositive motion shall be filed with the Court
4 and served on Defendants no later than **twenty-eight (28) days** after the date on which
5 Defendants' motion is filed.
6     c. Plaintiff is advised that a motion for summary judgment under Rule 56 of
7 the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
8 must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
9 be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
10 any fact that would affect the result of your case, the party who asked for summary judgment is
11 entitled to judgment as a matter of law, which will end your case.  When a party you are suing
12 makes a motion for summary judgment that is properly supported by declarations (or other sworn
13 testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
14 specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
15 as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and
16 documents and show that there is a genuine issue of material fact for trial.  If you do not submit
17 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
18 If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
19 F.3d at 962-63.

20   Plaintiff also is advised that—in the rare event that Defendants argue that the failure to
21 exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
22 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
23 prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did
24 exhaust your available administrative remedies before coming to federal court.  Such evidence
25 may include: (1) declarations, which are statements signed under penalty of perjury by you or
26 others who have personal knowledge of relevant matters; (2) authenticated documents—
27 documents accompanied by a declaration showing where they came from and why they are
28 authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements

in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.        Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.        The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.        Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6.        All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.        It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

8.        Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the

1  deadline sought to be extended.

2  IT IS SO ORDERED.

3  Dated: January 12, 2016

4  _____
YVONNE GONZALEZ ROGERS
5  United States District Judge