UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON LAMONT STRIBLING,

Plaintiff,

v.

COUNSELOR VALDEZ, et al.,

Defendants.

Case No.  15-cv-03199-YGR (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT; AND DENYING HIS MOTION FOR APPOINTMENT OF COUNSEL**

## I.   BACKGROUND

Plaintiff Aaron Lamont Stribling, a state prisoner, brings the instant *pro se* action pursuant to 42 U.S.C. § 1983 stemming from a denial of due process in connection with prison disciplinary proceedings that took place in 2013 at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated.  Plaintiff has named the following Defendants: SVSP Counselors Valdez and Ramos; SVSP Lieutenant Salazar; and SVSP Warden Grounds.  Plaintiff seeks monetary damages.

The following background is taken from the Court's January 12, 2016 Order of Service:

> In his complaint, Plaintiff alleges that he was denied due process in connection with prison disciplinary proceedings while he was housed at SVSP.  Specifically, on April 28, 2013, Plaintiff was removed from general population and rehoused in administrative segregation ("ad-seg") "due to allegations of [him] battering [sic] Inmate Clark AG-4662."  Dkt. 1 at 3.  Plaintiff claims that he was not provided with an "incident report [CDC-115 rule violation report] [with]in the normal time limits" because he received the report "54 days after the incident."  *Id.*  Plaintiff claims that Defendant Grounds was made aware of this delay. *Id.*  Plaintiff also claims that he should have had a disciplinary hearing within thirty days of receiving the incident report, but "it took a staggering 34 odd days and [Plaintiff] demanding to get the incident report heard (22 forms to [Defendant] Valdez) for it to finally get heard by [Defendant] Salazar."  *Id.*  Defendant Salazar "found [Plaintiff] guilty of battery on an inmate with serious bodily injuries."  *Id.*  Defendant Ramos "issued [Plaintiff] a 24 month SHU term."  *Id.*

Dkt. 6 at 2.

The Court reviewed the complaint and found it to have raised a cognizable due process claim against the named Defendants.  Dkt. 6 at 2-3.

Before the Court is Defendants' Motion for Summary Judgment.  Dkt. 15.  Defendants argue that they are entitled to summary judgment based on the following grounds: (1) Plaintiff failed to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), as to his due process claim against Defendants; (2) the undisputed facts establish that Plaintiff received the process due to him under *Wolff v. McDonnell*, 418 U.S. 539 (1974); (3) Plaintiff took advantage of a post-deprivation remedy that addressed the alleged due process violation; and (4) Defendants are entitled to qualified immunity.  *Id.* at 7.[1] Plaintiff has filed an opposition to Defendants' motion, along with a cross-motion for summary judgment, and a motion for appointment of counsel.  Dkts. 23, 25.  Defendants have filed a reply to the opposition, and they have indicated that they oppose Plaintiff's cross-motion.  Dkt. 24.

For the reasons outlined below, the Court GRANTS Defendants' motion for summary judgment based on failure to exhaust administrative remedies, DENIES Plaintiff's cross-motion, and DENIES his motion for appointment of counsel.

## II.    DISCUSSION

### A.    Plaintiff's Motion for Appointment of Counsel

Plaintiff moves the Court to appoint counsel.  Dkt. 25.  The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff has been able to present his claim adequately, and the issues are not complex. Accordingly, Plaintiff's motion for appointment of counsel is DENIED.  Dkt. 25.

### B.    Defendants' Motion for Summary Judgment

#### 1.    Background Relating to Exhaustion

Defendants have presented Plaintiff's prison records, which they argue prove that Plaintiff did not pursue a grievance relating to his due process claim against all named Defendants through

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

United States District Court
Northern District of California

2

all three levels of the California Department of Corrections and Rehabilitation's ("CDCR's") administrative grievance process.  Dkt. 21 at 5.  While Plaintiff attempted to seek relief for the alleged due process violation relating to Defendants Valdez's and Grounds's conduct by filing a 602 inmate appeal, log no. SVSPL-13-04182, Defendants argues that Plaintiff did not pursue that grievance to final level of appeal and that he did not include any due process claim involving Defendants Salazar's and Ramos's conduct.  Dkt. 15 at 7-8.  Defendants argue as follows:

> Stribling did not exhaust available administrative appeals for the missed deadlines that he alleges constitute the basis of his § 1983 due-process claim.  Briefly, on April 28, 2013, Stribling was accused of severely beating his cellmate (battery with serious bodily injury).   In June 2013, Stribling alleges that he complained to Warden Grounds that the 15-day deadline set forth in California Code of Regulations, Title 15, section 3320(a) for presenting him with the rules violation report had been missed.  Stribling received a written rules-violation report that same day, June 20, 2013.  Stribling subsequently filed a CDC Form 602 grievance on July 28, 2013, formally complaining that prison officials missed the 15-day deadline for serving a written rules violation report, as well as a 30-day deadline for hearing the rules-violation.  Cal. Code Regs., tit. 15, § 3320(b).   Salazar presided over Stribling's rules-violation hearing a few days later on August 2, 2013.  Salazar found Stribling guilty of battery, and Counselor Ramos later calculated and issued a disciplinary SHU term.   Stribling's 602 did not complain about Salazar or Ramos's conduct because Stribling filed the 602 before Salazar and Ramos were involved in the disciplinary proceedings.  Thus, even if it were true that Stribling exhausted his appeal through the Third Level of review, Stribling still would have failed to exhaust claims involving Salazar and Ramos's conduct, and they should be dismissed from the case.

*Id.*  Before turning to the facts relating to exhaustion in the present case, the Court first reviews the requirements of the PLRA and administrative review process applicable to California prisoners.

### a.  Legal Framework Relating to Exhaustion

The PLRA requires a prisoner to exhaust "available administrative remedies" before bringing an action with respect to prison conditions.  42 U.S.C. § 1997e(a).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective."  *Booth v. Churner*, 532 U.S. 731, 739-

United States District Court
Northern District of California

1  40 (2001).  The PLRA requires *proper* exhaustion of administrative remedies.  *Woodford v. Ngo*,

2  548 U.S. 81, 83 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and

3  other critical procedural rules because no adjudicative system can function effectively without

4  imposing some orderly structure on the course of its proceedings."  *Id.* at 90-91.  Thus,

5  compliance with prison grievance procedures is required by the PLRA to exhaust properly.  *Id.*

6  The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise

7  procedurally defective administrative grievance or appeal."  *Id.* at 84.

8       The CDCR provides its inmates and parolees the right to appeal administratively "any

9  policy, decision, action, condition, or omission by the department or its staff that the inmate or

10  parolee can demonstrate as having a material adverse effect upon his or her health, safety, or

11  welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).

12       To initiate an appeal, the inmate or parolee must submit a CDCR Form 602 ("appeal" or

13  "grievance") describing the issue to be appealed to the Appeals Coordinator's office at the

14  institution or parole region for receipt and processing.  *Id.* § 3084.2(a)-(c).  The level of detail in

15  an administrative grievance necessary to exhaust a claim properly is determined by the prison's

16  applicable grievance procedures.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  The level of

17  specificity required in the appeal is described in the California Code of Regulations as follows:

18       The inmate or parolee shall list all staff member(s) involved and
     shall describe their involvement in the issue.  To assist in the
19       identification of staff members, the inmate or parolee shall include
     the staff member's last name, first initial, title or position, if known,
20       and the dates of the staff member's involvement in the issue under
     appeal.
21  Cal. Code Regs. tit. 15, § 3084.2(a)(3) (emphasis added).

22       In order to exhaust available administrative remedies within this system, a prisoner must

23  submit his complaint on CDCR Form 602 and proceed through several levels of appeal: (1) first

24  formal level appeal filed with one of the institution's appeal coordinators, (2) second formal level

25  appeal filed with the institution head or designee, and (3) third formal level appeal filed with the

26  CDCR director or designee (i.e., "Director's level").[2]  Cal. Code Regs. tit. 15, § 3084.5; *Brodheim*

27

28       [2] Under the regulations, as amended effective January 28, 2011, the informal grievance

1   *v. Cry*, 584 F.3d 1262, 1264-65 (9th Cir. 2009).  A prisoner exhausts the appeal process when he

2   completes the third level of review.  Cal. Code Regs. tit. 15, § 3084.1(b); *Harvey v. Jordan*, 605

3   F.3d 681, 683 (9th Cir. 2010).

4        Under the amended regulations, as of January 28, 2011, inmates have "30 calendar days"

5   to submit a grievance (using the prescribed CDCR Form 602) from the "occurrence of the event or

6   the decision being appealed."  Cal. Code Regs. tit. 15, § 3084.8(b)(1).  The appeals coordinator

7   can reject or "screen out" an appeal for various reasons, including failure to comply with the 30-

8   calendar-day time limit, omission of necessary supporting documents, or duplication of a previous

9   appeal.  *Id.* § 3084.3(c).  When the grievance is not rejected or screened out, the inmate must

10  pursue the grievance through each level of review to exhaust remedies.  *Id.* § 3084.5.  A

11  "cancellation or rejection" of an appeal "does not exhaust administrative remedies."  *Id.*

12  § 3084.1(b).

13                              **b.  Summary of Plaintiff's Grievances**

14       In his verified complaint, Plaintiff claims that he exhausted administrative remedies as to

15  the due process claim raised in his complaint by checking the box labeled "Yes" when asked

16  whether he filed a grievance before bringing this action in federal court.  Dkt. 1 at 1.  When asked

17  for the "appeal number and the date of the result of the appeal at each level of review," Plaintiff

18  indicates the appeal number next to the space labeled "1. Informal appeal" by writing: "SVSPL-

19  13-04182."  *Id.*  Next to each level of review, he states as follows:

20          2.     First formal level:  Bypassed first formal filed it on 7-21-13.
      After it finally got heard around July 2013.  Do not know the exact

21          dates because my property was destroyed.

22          3.     Second formal level:  Denied.  Do not know the exact dates
      because my property was destroyed.
23

24          4.     Third formal level:  Denied.  Do not know the exact dates
      because my property was destroyed.

25

26  ────────────────────────

27  level has been omitted and there are now only three levels: first level appeal, second level appeal,
    and third level appeal.  *See* Cal. Code Regs. tit. 15, § 3084.7.  As further explained below,
    Plaintiff's relevant grievance was allegedly submitted after January 28, 2011; therefore, the

28  amended regulations were in effect.

United States District Court
Northern District of California

United States District Court
Northern District of California

*Id.* at 2.  When asked the question, "Is the last level to which you appealed the highest level of appeal available to you?" Plaintiff checked the box labeled "Yes."  *Id.*  Plaintiff does not support his conclusory allegation above by attaching any evidence that the alleged appeal was "denied" at the Director's level of appeal.

In his opposition, Plaintiff also alleges that he filed another grievance raising the due process claim at issue, log no. SVSPL-12-05356.  Dkt. 23 at 1.  However, he does not provide the Court with a copy of that second grievance.  Instead, Plaintiff claims that his copies of the two grievances, log nos. SVSPL-13-04182 and SVSPL-12-05356, were "destroyed with some of the rest of [his] property . . . ."  *Id.*  At the end of his opposition, Plaintiff admits that because his "property was destroyed he's not entirely sure SVSPL-12-05356 is for [Administrative Segregation Unit ("ASU")] placement for the incident that happened to him on 4-28-13, but he knows he wrote one about ASU placement."  *Id.* at 4.  Plaintiff also claims that in the "original appeal SVSPL-13-04182"[3] was "the one challenging [Defendant] Salazar['s] guilty findings prompting [Defendant] Ramos to issue Plaintiff a 24 month SHU term."  *Id.*  Plaintiff claims he exhausted both appeals because he:

> sent both appeals to the third level [of appeal] even the declaration by Voong the Chief of the Appeals Officer never said Plaintiff didn't . . . he merely stated Plaintiff did not resend them back to the third level [of appeal] with all the supporting documentation, but Plaintiff sent both of the[] appeals back with all the supporting documentation SVSP gave him and still he wasn't granted the relief he sought that[']s why he's sending it to the fourth level which is the district court.

*Id.*  However, again, Plaintiff does not support his conclusory allegation that he exhausted both appeals by attaching any evidence that the alleged appeals that was "denied" were sent back with the alleged supporting documents.

In contrast, Defendants have submitted evidence that between August 19, 2009 and February 10, 2016, Plaintiff submitted 26 inmate appeals that were accepted for review at the

---

[3] As mentioned above, Plaintiff claims that he does not have a copy of SVSPL-13-04182. Dkt. 23 at 1.  However, he alleges that the copy of SVSPL-13-04182 that was submitted by Defendants is "not the original one."  *Id.*  Therefore, in his opposition, Plaintiff refers to the grievance at issue as the "original" or the "real" appeal SVSPL-13-04182 as opposed to the "phon[]y SVSPL-13-04182, which was submitted by Defendants.

1   Director's level of appeal.  Voong Decl. ¶ 6, Ex. A.  The Court notes upon reviewing the log

2   numbers of each of the 26 grievances and searching for the two grievances mentioned by Plaintiff

3   above, only one—log no. SVSPL-13-04182—is listed.  *See* Voong Decl., Ex. A.  Nowhere on the

4   list does it indicate that a grievance with log no. SVSPL-12-05356 was accepted for review at the

5   Director's level.  *See id.*

6        Even if a grievance with log no. SVSPL-12-05356 had been accepted for review at the

7   Director's level, it is not likely it would have related to the due process claim in connection with

8   prison disciplinary proceedings that took place in 20*13*.  CDCR Chief of the Office of Appeals

9   ("OOA")[4] M. Voong explains that the "first two digits of the institutional log number indicates the

10  year in which the event occurred that is grieved in the inmate appeal."  Voong Decl. ¶ 7.

11  Therefore, a grievance with log no. SVSPL-*12*-05356 would have related to an event which

12  occurred in 20*12*.  As mentioned above, Plaintiff even admits that he is "not entirely sure" that

13  SVSPL-12-05356 related to an "ASU placement," thus the Court finds that SVSPL-12-05356 is

14  irrelevant because it could not have pertained to the ***2013*** ASU placement at issue in the

15  complaint.  Whereas, the parties agree that Plaintiff's other appeal, SVSPL-13-04182, is the

16  relevant appeal relating to the due process claim in connection with the 2013 ASU placement.

17  Therefore, the Court shall elaborate on only that one relevant appeal below.

18              **c.  Log No. SVSPL-13-04182**

19        The record shows that on July 28, 2013, Plaintiff filed a CDCR 602 Form or

20  "Inmate/Parolee Appeal" which was given log no. SVSPL-13-04182—relating to the due process

21  claim in connection with the 2013 ASU placement.  Stegeman Decl., Ex. A at 2-4.

22        In this appeal, when asked to "[e]xplain [his] issue" Plaintiff specifically stated as follows:

23              On April 28, 2013, I was removed from D1 Yard Building 3 (E.O.P
              Mainline) and rehoused in segregation confinement and issued a
24              114-D lock-up order which quoted my placement in [ASU] was due
              to alleged[] battery on I/M Clark AG4682.  However, I didn't
25              receive a RVR 1-15 until 6-20-13 but according to section 3320(l) of
              the title 15 since the time constraints wasn't met it's deemed as a
26              dismissal of the RVR.  Despite making my counselor aware of that
              on 6-19-13 when I was told I had committee the next day but I was
27

28  _____
    [4] The OOA was formerly named the Inmate Appeals Branch.  Voong Decl. ¶ 1.

United States District Court
Northern District of California

instructed to "shut up because I didn't know what the hell I was talking about." So I didn't end up receiving the RVR 1-15 until 6-20-13 after making a[n] appearance at committee yet still it's 7-28-13 and I haven't got[ten] the RVR heard by the SHO (Senior Hearing Officer). So that's another violation of title 15 under section 3320(b) that deems the RVR as dismissed also. With two crystal clear violations of the title 15 displaying how my continu[ed] placement in segregation confinement is unjust . . . violating the 14th Amendment . . . . I wrote numerous CDCR 22 forms to my counselor. He's not making the effort to release me. He . . . [has] to schedule me to committee to release m because per Title 15 I shouldn't even have a RVR because it wasn't delivered in time and to make matters worse the I/M I supposedly battered went to another prison way back in the first week of May so he is not even on the yard where I'll be released to. I am under the brute impression that Counselor Valdez is intentionally leaving me in [ASU] to inflict mental and emotional anguish.

*Id.* at 2, 4. In response to "[a]ction requested," Plaintiff stated: "I would like to be released from segregation confinement immediately. If not, I would like it in writing . . . clearance to start a lawsuit." *Id.* at 2. Handwritten on top right of the front page of the appeal form are the log number, "SVSPL-13-04182" and the following notes on the right margin, "Wants release from AdSeg. Time constraints not met on RVR." *Id.* at 2.

On July 29, 2013, SVSPL-13-04182 was initially rejected[5] at the first level of review, but then it was accepted on August 2, 2013. *Id.* On August 15, 2013, the appeal was denied at the first level of review. *Id.*

On September 15, 2013, Plaintiff indicated that he was dissatisfied with the first level response, and stated as follows: The first level response interviewer cannot rely on what transpired as of the RVR hearing because I . . . r[aised] this issue beforehand." *Id.* at 3.

On September 17, 2013, SVSPL-13-04182 was assigned to Defendant Ramos. *Id.* The form indicates that Defendant Ramos then completed the review at the second level on October 14, 2013, and returned to Plaintiff on November 1, 2013. *Id.* The form does not indicate whether the appeal was granted, granted in part, or denied. *Id.* However, the parties do not dispute that the appeal was denied at the second level of review. *See* Dkt. 1 at 2; Dkt. 15 at 10.

As mentioned above, Chief Voong generated a list of all the appeals that that were

---

[5] There is nothing in the record indicating why SVSPL-13-04182 was initially rejected at the first level of review.

accepted for review at the third or Director's level of appeal as "Exhibit A" to his declaration, and

SVSPL-13-04182 is included on that list.  Voong Decl. ¶ 8, Ex. A.  Chief Voong states:

> I have reviewed Stribling's Complaint and note his reference to appeal number SVSPL-13-04182 on Page 1 under Part 1 "Exhaustion of Administrative Remedies."  Cross-referencing the appeal number with Exhibit A informs me that on November 7, 2013 OOA received documents pertaining to SVSPL-13-04182.  *See* Exhibit A, Page 2.  The appeal was screened out and rejected because Stribling failed to attach supporting documentation.  As noted above, a rejected appeal is returned to the inmate to correct a deficiency for further consideration.  There is no record that Stribling resubmitted the appeal with the supporting documentation.  And the absence of a decision under "Accepted Appeals" on Page 1 of Exhibit A means that the appeal was never accepted, considered and adjudicated.

Voong Decl. ¶ 8.  While Plaintiff makes a conclusory claim that he resubmitted SVSPL-13-04182

along with the supporting documents, he does not support such a claim with any evidence.

Instead, there is nothing in the record showing that Plaintiff resubmitted SVSPL-13-04182.  *See*

Voong Decl., Ex. A.

### 2.  Legal Standard for Summary Judgment

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment

on some or all of the claims or defenses presented in an action.  Fed. R. Civ. P. 56(a)(1).  "The

court shall grant summary judgment if the movant shows that there is no genuine dispute as to any

material fact and the movant is entitled to judgment as a matter of law."  *Id.*; *see Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party has the burden of

establishing the absence of a genuine dispute of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986); Fed. R. Civ. P. 56(c)(1)(A) (requiring citation to "particular parts of materials in

the record").  If the moving party meets this initial burden, the burden then shifts to the non-

moving party to present specific facts showing that there is a genuine issue for trial.  *See Celotex*,

477 U.S. at 324; *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87

(1986).

When the parties file cross-motions for summary judgment, the district court must consider

all of the evidence submitted in support of both motions to evaluate whether a genuine issue of

material fact exists precluding summary judgment for either party.  *Fair Housing Council of*

United States District Court
Northern District of California

1   *Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1135 (9th Cir. 2001).

2          A district court may only consider admissible evidence in ruling on a motion for summary

3   judgment.  *See* Fed. R. Civ. P. 56(e); *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002).

4   In support of the motion for summary judgment, Defendants have presented declarations from:

5   their attorney, Chad Stegeman, Esq.; Defendants Ramos and Salazar; and Chief Voong.  Dkts. 17-

6   20.  Meanwhile, Plaintiff has filed his verified complaint and opposition.  Dkts. 1, 23.  The Court

7   construes his complaint as an affidavit under Federal Rule of Civil Procedure 56, insofar as it is

8   based on personal knowledge and sets forth specific facts admissible in evidence.  *See Schroeder*

9   *v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995).

### 3.   Analysis Relating to Exhaustion of Administrative Remedies

11          The failure to exhaust administrative remedies is an affirmative defense that must be raised

12   in a motion for summary judgment.  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en

13   banc).  The defendants have the initial burden to prove "that there was an available administrative

14   remedy, and that the prisoner did not exhaust that available remedy."  *Id.* at 1172; *Williams v.*

15   *Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).  If the defendants carry that burden, "the burden

16   shifts to the prisoner to come forward with evidence showing that there is something in his

17   particular case that made the existing and generally available administrative remedies effectively

18   unavailable to him."  *Albino*, 747 F.3d at 1172.  The ultimate burden of proof remains with

19   defendants, however.  *Id.*  "If material facts are disputed, summary judgment should be denied,

20   and the district judge rather than a jury should determine the facts."  *Id.* at 1166.

21          As explained above, Defendants argue that Plaintiff did not exhaust his administrative

22   remedies as to his due process claim as to all named Defendants.  Dkt. 15 at 14.  Therefore,

23   Defendants argue that they are entitled to summary judgment based on Plaintiff's failure to

24   exhaust his administrative remedies as to his due process claim.  *Id.* at 16.

25          In support of their argument, Defendants submit a declaration by Chief Voong, which

26   indicates that the OOA screens all incoming inmate appeals before the appeals receive a Director's

27   level decision.  Voong Decl. ¶ 4.  Specifically, the OOA determines whether an appeal complies

28   with agency regulations, and may return an appeal to an inmate if it finds the appeal was not

United States District Court
Northern District of California

timely filed, fully exhausted or complete.  *Id.*  The OOA keeps an electronic record of each inmate administrative appeal that has proceeded through the Director's level of review, including a record of each administrative appeal that was received by the OOA but was rejected or screened out since 2000.  *Id.*

Appeals that are screened out can be categorized either as a rejection or a cancellation.  *Id.* ¶ 5.  A rejected appeal is one that has been returned to the inmate with instructions to correct a deficiency prior to further consideration.  *Id.*  Because the inmate has the ability to resubmit the appeal, the rejection "screen out" letter is not appealable.  *Id.*  A cancelled appeal, by contrast, informs the inmate that his appeal has been cancelled and may not be resubmitted; a separate appeal, however, can be filed on the cancellation decision.  *Id.*

As mentioned above, attached to Chief Voong's declaration is a copy of the OOA computer printout report showing each appeal that was submitted through February 10, 2016 by Plaintiff to the Director's level of review, and whether the appeal was received, accepted, or screened out at the Director's level.  Voong Decl. ¶ 6; Ex. A.  As determined above, the report lists only one relevant Director's level appeal, log no. SVSPL-13-04182, which is related to the due process claim that is the subject of the instant action.  *Id.*  For the purpose of this discussion, the Court takes the facts in the light most favorable to Plaintiff and construes SVSPL-13-04182 to include the entire due process claim against all named Defendants.  SVSPL-13-04182 is not listed on the report under the heading "Accepted Appeal" to the Director's level of review.  *Id.*  Instead, the report lists SVSPL-13-04182 under the heading "Screen Outs" and shows that such appeal was screened out on December 2, 2013.  *Id.* ¶ 8, Ex. A at 2.  Defendant argues that Plaintiff "did not resubmit the appeal with the supporting documentation and the OOA never accepted or adjudicated it at the Third Level."  Dkt. 15 at 16.

Defendants have met their ultimate burden as the moving party by setting forth evidence to demonstrate Plaintiff's non-exhaustion as to his due process claim against all named Defendants. The undisputed evidence shows that SVSPL-13-04182 was screened out at the Director's level of review on December 2, 2013 because Plaintiff failed to attach supporting documentation.  And, as explained above, while Plaintiff makes an unsupported claim to the contrary, the record shows

1    Plaintiff did not re-submit SVSPL-13-04182.  Thus, Plaintiff's filing of SVSPL-13-04182 at the

2    Director's level of review did not properly exhaust his administrative remedies.  *See Woodford*,

3    548 U.S. at 90 (proper exhaustion requires using all steps of an administrative process and

4    complying with "deadlines and other critical procedural rules").  If Plaintiff had wanted to

5    continue to pursue SVSPL-13-04182, he was advised that he could resubmit the appeal with

6    supporting documentation, *see* Voong Decl. ¶ 8, but he did not do so.  Because the "rejection" of

7    an appeal "does not exhaust administrative remedies," *see* Cal. Code Regs. tit. 15, § 3084.1(b), the

8    evidence submitted by Defendant satisfies the initial burden of proving that there were available

9    administrative remedies for Plaintiff, and that Plaintiff failed to exhaust those remedies properly,

10   *see Albino*, 747 F.3d at 1172.

11          Defendant has adequately shown that there were available administrative remedies that

12   Plaintiff did not fully exhaust.  As such, the burden shifts to Plaintiff "to come forward with

13   evidence showing that there is something in his particular case that made the existing and

14   generally available administrative remedies effectively unavailable to him."  *Albino*, 747 F.3d at

15   1166.  Improper screening of a prisoner's administrative grievances may excuse a failure to

16   exhaust.  *See Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010).  The prisoner must

17   demonstrate "(1) that he actually filed a grievance or grievances that, if pursued through all levels

18   of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in

19   federal court, and (2) that prison officials screened his grievance or grievances for reasons

20   inconsistent with or unsupported by applicable regulations."  *Id.* at 823-24.

21          Here, Plaintiff could meet the first *Sapp* factor, as shown by his attempt to file SVSPL-13-

22   04182, which would have sufficed to exhaust his due process claim.  *See id.*  However, as

23   explained above, SVSPL-13-04182 was rejected.  Therefore, in order to satisfy the second *Sapp*

24   factor Plaintiff must show that prison officials rejected SVSPL-13-04182 for reasons inconsistent

25   with applicable regulations.  *See Sapp*, 623 F.3d at 823-24.  The Court finds he has failed to

26   present evidence showing SVSPL-13-04182 was improperly screened out/rejected at the third

27   level of review.  Moreover, while Plaintiff makes a conclusory claim that he resubmitted SVSPL-

28   13-04182, he does not support such a claim with evidence.  If Plaintiff had taken steps to resubmit

United States District Court
Northern District of California

12

SVSPL-13-04182, but the SVSP Appeals Coordinator refused to review his appeal, such evidence might suggest that Plaintiff's failure to exhaust should be excused.  However, no such evidence is before the Court.  As the Ninth Circuit explained in *Sapp*, a proper screening decision does "not foreclose the possibility that exhaustion might also be excused where repeated rejections of an inmate's grievances at the screening stage give rise to a reasonable good faith belief that administrative remedies are effectively unavailable." *Sapp*, 623 F.3d at 826.  Such an excuse is not available to Plaintiff here, however, as the record shows that SVSPL-13-04182 was screened out only once at the third level of review.  Consequently, as Plaintiff has not presented evidence that he resubmitted SVSPL-13-04182 with supporting documents in response to the third level screening decision, the Court concludes Plaintiff could not have had a reasonable good faith belief that further administrative remedies were effectively unavailable.

Lastly, as in *Sapp*, nothing in the record suggests that the CDCR has "created draconian procedural requirements that would 'trip[ ] up all but the most skillful prisoners'" and render administrative remedies effectively unavailable, so as to excuse a failure to exhaust. *See Sapp*, 623 F.3d at 827 (citing *Woodford v. Ngo*, 548 U.S. 81, 102 (2006)).  Significantly, Defendants have submitted evidence demonstrating Plaintiff has prosecuted appeals through the Director's level of review, both before and after pursuing the appeal at issue herein. *See* Voong Decl., Ex. A.

In sum, the Court concludes that although SVSPL-13-04182 was screened out at the third level of review, administrative remedies remained available to Plaintiff because (1) the third level screening process (i.e., allowing Plaintiff to resubmit SVSPL-13-04182 with supporting documentation) would not lead Plaintiff to hold a reasonable, good-faith belief that further administrative remedies were effectively unavailable, and (2) the CDCR grievance procedure was not so complex as to render further administrative remedies effectively unavailable. *See Sapp*, 623 F.3d at 827.

Therefore, the Court finds Plaintiff's failure to exhaust administrative remedies properly is not excused because of improper screening.

Defendants have adequately shown that there were available administrative remedies that Plaintiff did not fully exhaust as to his due process claim.  Accordingly, Defendants are entitled to

United States District Court
Northern District of California

13

1   summary judgment based on Plaintiff's failure to exhaust administrative remedies, and their

2   motion is GRANTED.[6]

3           **C.    Plaintiff's Cross-Motion for Summary Judgment**

4           In the caption of his opposition, Plaintiff has included the title, "Opposition to

5   Defendants['] summary judgment motion and Plaintiff's counter-summary judgment motion

6   against the Defendants."  Dkt. 23 at 1.  However, the Court notes that Plaintiff does not include

7   any further arguments in support of his cross-motion.  *See* Dkt. 23.  He does not provide a separate

8   statement or even a list of undisputed facts that establishes each element of his due process claim

9   against each Defendant.  In the abundance of caution, the Court has construed this filing as a

10  cross-motion for summary judgment.

11          In resolving Defendants' motion for summary judgment, and in considering whether a

12  triable issue of fact exists, the Court has reviewed the evidence and arguments in the cross-motion,

13  which consists more of his arguments in opposition to the motion for summary judgment.  To the

14  extent that such evidence and argument supports Plaintiff's cross-motion for summary judgment,

15  the Court has determined that they do not defeat Defendants' motion for summary judgment.

16  Having determined that Defendants are entitled to judgment as a matter of law due to Plaintiff's

17  failure to exhaust administrative remedies, Plaintiff's cross-motion for summary judgment is

18  necessarily DENIED. Dkt. 23.

19  **III.    CONCLUSION**

20          For the reasons outlined above, the Court orders as follows:

21          1.      Plaintiff's motion for appointment of counsel is DENIED.  Dkt. 25.

22          2.      Defendants' motion for summary judgment is GRANTED based on Plaintiff's

23  failure to exhaust administrative remedies.  Dkt. 15.  Plaintiff's complaint is DISMISSED without

24  prejudice to refiling his claim for monetary damages relating to his due process claim after

25  exhausting California's prison administrative process.  *See McKinney v. Carey*, 311 F.3d 1198,

26

27          _____

28          [6] The Court's ruling that Defendants' motion for summary judgment is granted based on
    Plaintiff's failure to exhaust administrative remedies obviates the need to address Defendants'
    alternative arguments in their motion.

United States District Court
Northern District of California

1200-01 (9th Cir. 2002) (proper course in claims dismissed due to failure to exhaust administrative remedies is dismissal without prejudice to refiling).

      3.    Plaintiff's cross-motion for summary judgment is DENIED.  Dkt. 23.

      4.    The Clerk shall enter judgment, terminate all pending motions, and close the file.

      5.    This Order terminates Docket Nos. 15, 23 and 25.

IT IS SO ORDERED.

Dated: January 9, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge